IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

MARISABEL WOLFINGER,

      Plaintiff,

                                      CASE NO.: 2013-CA-002473-O

v.

THE AMACORE GROUP, INC.,
a Florida corporation, and
JAY SHAFER, Individually,

      Defendants.

_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Marisabel Wolfinger (hereinafter referred to as the "Plaintiff") by and through her undersigned attorney, hereby files this Complaint and demand for jury trial against The Amacore Group, Inc. (hereinafter referred to as "Amacore" or the "company") a Florida corporation, and Jay Shafer, individually, (hereinafter referred to as "Shafer") (Amacore and Shafer are hereinafter collectively referred to as the "Defendants"). In support of this Complaint, Plaintiff alleges as follows.

1.     This is an action to recover damages for unpaid wages and unpaid vacation pay based on Plaintiff's claims that are set forth in this action against both of the Defendants named in this action.

2.     The damages that are sought in this action are for an amount greater than fifteen thousand dollars ($15,000.00) not including interest, attorney's fees and costs.

3.     This Court has subject matter jurisdiction concerning this action pursuant to this Court's original jurisdiction as permitted by Florida law.

EXHIBIT "A"

## PARTIES

4.      The Plaintiff is an individual who resides in Orange County, Florida and who at all times relevant formerly worked for Defendant, Amacore, which is a Florida corporation registered to conduct business in Florida and that formerly employed Plaintiff as its Vice President of Business Development.

5.      At all times relevant, Defendant, Amacore, was a Florida corporation that was registered to do business in Florida and that was doing business in Orange County, Florida during its former employment of the Plaintiff.

6.      Based upon information and belief, Shafer is the Chief Executive Officer of Amacore.

7.      Based upon information and belief, Shafer resides at 339 Cherokee Drive, Orlando, Florida 32801, which is in Orange County, Florida.

8.      The causes of action alleged herein occurred in Orange County, Florida.

9.      Any conditions precedent (if any) to the bringing of this action have been satisfied or waived.

## GENERAL ALLEGATIONS

10.      Plaintiff was formerly the Vice President of Business Development for Amacore from approximately 2010 until August 6, 2012, having been hired as the Director of Business Development in 2008 and promoted to the Vice President of Business Development in 2010.

11.      On August 6, 2012, the Plaintiff voluntarily terminated from her employment with Amacore due to Amacore's continued non-payment of her salary that was due and owing to

her at the time for approximately six (6) weeks of work that she performed for the company without being paid her salary for her job with the company.

12. From July 2, 2012, through August 6, 2012, Amacore and Shafer unilaterally imposed a mandatory deferment on the payment of the Plaintiff's salary due and owing to her for work that she performed for the company.

13. At the time that the Plaintiff's salary was deferred and not paid, the Plaintiff was advised by Shafer that other executives at her level within the company were subject to the same wage deferment and that they were not being paid their regular salaries either.

14. At the time that the Plaintiff's salary was deferred and not paid, based upon information and belief, Shafer and other executives of the company continued to receive his/their regular salaries from Amacore.

15. At the time that the Plaintiff's salary was deferred and not paid, the Plaintiff was verbally assured and promised by Shafer that the deferment of her salary was only temporary and that the deferred amount of her salary owed to her would be caught up and paid.

16. Plaintiff continued to work for Amacore during the period from July 2, 2012, through August 6, 2012, based on Shafer's representations, assurances and promises.

17. After approximately six (6) weeks of working for Amacore and not being paid her regular salary for the work that she was still performing for the company, the Plaintiff determined that she was not going to be paid the deferred salary that had accrued by that time and she ended her employment with Amacore on account of not being paid her regular salary that was accrued and due and owing to her.

18.     The unpaid wages that the Plaintiff is owed by Defendants for the six weeks that she worked in July and August, 2012 without being paid her regular salary (including one additional week owed based on Amacore's payroll system set up) totals $12,360.00.

19.     When the Plaintiff terminated her employment with Amacore due to not being paid for her work performed, the Plaintiff also had a total of thirteen (13) days of accrued paid vacation time that she was not allowed to take or use due to her unpaid employment status with the company.

20.     The unpaid vacation pay that the Plaintiff is owed by the Defendants totals $5,356.00.

21.     By their conduct of not paying the Plaintiff for her wages and for her paid vacation time and based on Shafer's representations, assurances and promises to the Plaintiff, Defendants have breached the parties' oral contract and they have violated Florida's statutory law pertaining to payment of wages.

22.     Plaintiff has retained the Finnigan Law Firm, P.A. and she has agreed to pay the firm a reasonable attorney's fee to enforce her rights to be paid for her wages and paid vacation time that are due and owing to her under the parties' agreement.

23.     Pursuant to Section 448.08, Florida Statutes, the Plaintiff is entitled to recover attorney's fees and costs upon prevailing in this case for unpaid wages.

<u>COUNT I</u>

<u>BREACH OF ORAL CONTRACT</u>
<u>(Against all Defendants)</u>

24.     Plaintiff repeats and realleges by reference each and every allegation contained in Paragraphs 1 through 23 and incorporates the same herein as though fully set forth.

25. Plaintiff and Defendants entered into an oral contract wherein Defendants promised and agreed to pay the Plaintiff her unpaid wages and her unpaid vacation time that she is claiming in this action.

26. Defendants have agreed previously that the Plaintiff is owed for the unpaid wages and the unpaid vacation pay that she is seeking in this action.

27. Defendants are in breach of their oral contract with the Plaintiff to pay her for the unpaid wages and the unpaid vacation pay that she is seeking in this action in that they are now refusing to pay to the Plaintiff her unpaid wages and unpaid vacation time that is due and owing to her by Defendants.

28. As a result of Defendants' breach of their oral contract with the Plaintiff, the Plaintiff has been damaged.

29. The Plaintiff has hired the undersigned attorney to represent her in this action and she is required to pay the undersigned attorney a reasonable fee for his services.

WHEREFORE, the Plaintiff demands judgment for damages, statutory interest, costs and reasonable attorney's fees under Section 448.08, Florida Statutes, for breach of oral contract, or any other applicable Florida Statute against Defendant and trial by jury on all issues triable.

## COUNT II

## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Against All Defendants)

30. Plaintiff repeats and realleges by reference each and every allegation contained in Paragraphs 1 through 23 and incorporates the same herein as though fully set forth.

31. In the alternative to Count I above, Plaintiff brings this Count II of this action against Shafer, individually, and against Amacore as the Plaintiff's employer or joint employers, for unpaid salary pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq.

32. Amacore is an employer as defined by 29 U.S.C § 203(d) and Amacore has employees subject to the provisions of the FLSA, 29 U.S.C. § 206.

33. During Plaintiff's former employment with the company, Amacore was an enterprise with annual gross revenues in excess of $500,000.00 a year and therefore it is subject to coverage under the FLSA and its regulations.

34. Plaintiff was a salaried exempt employee of Amacore and at all times relevant hereto Amacore was engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207 (a)(1).

35. Amacore is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(s)(1).

36. During Plaintiff's former employment with Amacore, Shafer held the position of Chief Executive Officer and as such Shafer was actively and defacto engaged in managing and directing the daily affairs of Amacore and Shafer was Plaintiff's former immediate supervisor.

37. During Plaintiff's former employment with Amacore, Shafer acted directly or indirectly in the interest of Amacore in relation to Plaintiff's employment and Shafer was substantially in control of the terms and conditions of Plaintiff's work and how and whether Plaintiff was paid and therefore Shafer is considered a statutory employee under 29 U.S.C § 203(d).

38. During Plaintiff's former employment with Amacore, Amacore and Shafer repeatedly and willfully violated the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than $455.00 per week which is the minimum regular weekly salary due and owing to a salaried exempt employee such as Plaintiff under the Fair Labor Standards Act.

39. Beginning with the pay period of July 12, 2012, and continuing for every pay period thereafter until the termination of Plaintiff's employment with Amacore on August 6,

2012, Amacore and Shafer repeatedly and willfully violated the Fair Labor Standards Act by not compensating Plaintiff at a rate of at least $455.00 per week which is the minimum regular weekly salary due and owing to a salaried exempt employee such as Plaintiff under the Fair Labor Standards Act.

40.     Plaintiff has retained the Finnigan Law Firm, P.A. to enforce her rights to be paid the statutory salary that she is due under the FLSA and its regulations.

41.     Plaintiff has retained the Finnigan Law Firm, P.A. to represent her in this matter and she has agreed to pay said firm a reasonable attorney's fee for its services.

42.     WHEREFORE, Plaintiff demands judgment against Amacore and Shafer, jointly and severally, for the following:

A.     Payment of the unpaid weekly salary at a rate not less than $455.00 per week which is the minimum regular weekly salary due and owing to a salaried exempt employee such as Plaintiff under the Fair Labor Standards Act and its regulations for the period from July 12, 2012, though August 6, 2012;

B.     Payment of an additional amount equal to the unpaid salary due and owing to a salaried exempt employee such as Plaintiff under the Fair Labor Standards Act and its regulations for the period from July 12, 2012, though August 6, 2012 as liquidated damages;

C.     Prejudgment interest in the event liquidated damages are not awarded;

D.     An award of reasonable attorney's fee and costs; and,

E.     Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a jury trial on all issues so triable.

Dated this 18th day of February, 2013.

Respectfully submitted,

2/18/2013

John Finnigan
Florida Bar No.: 0972363
FINNIGAN LAW FIRM, P.A.
1700 Maitland Avenue
Maitland, Florida 32751
Telephone: (407) 478-3700
Facsimile: (407) 478-6999
Email: John@Finniganlaw.com
Attorney for Plaintiff

8