UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARISABEL WOLFINGER,

    Plaintiff,

v.                                    CASE No. 8:13-CV-729-T-35TGW

AMACORE GROUP, INC., et al.,

    Defendants.

_____

## ORDER

THIS CAUSE came on for consideration upon the Plaintiff's Second Motion for Entry of a Clerk's Default Against Defendants (Doc. 19).

At the request of the plaintiff (Doc. 8), a Clerk's default was entered against the defendants on April 11, 2013 (Doc. 10). On the same day, the defendants sought to vacate the Clerk's default (Doc. 11). United States District Judge Mary S. Scriven granted the defendants' request, noting that the entry of default stemmed from inadvertent negligence rather than willful or culpable conduct (Doc. 13).

The plaintiff again moves for the entry of default because the defendants "have still not filed an answer or some other response to the

Plaintiff's Initial Complaint" (Doc. 19, p. 2). In this regard, the plaintiff contends that the defendants' motion to dismiss, which was attached as an exhibit to the defendants' motion to vacate, was unsigned and therefore not properly filed with this Court. However, this motion ignores the fact that the plaintiff obtained leave to file an amended complaint, and the amended complaint was docketed on September 11, 2013. Accordingly, the defendants had fourteen days to respond to that pleading. Rule 15(a)(3), Fed.R.Civ.P.

Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The defendants were required to respond to the plaintiff's amended complaint, which was docketed on September 11, 2013, by September 25, 2013. See Rule 15(a)(3), Fed.R.Civ.P.

Counsel for the defendants attempted to electronically file a motion to dismiss the amended complaint on September 25, 2013, but she was not permitted to do so due to a lapse in her membership with this Court. Thus, after speaking with Court personnel, defense counsel filed the motion to dismiss in paper format on September 26, 2013 (see Docs. 20, 21).

In the Eleventh Circuit, "defaults are seen with disfavor because of the strong policy of determining cases on their merits." Florida Physician's Ins. Co., Inc. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993); see You Fit, Inc. v. Pleasanton Fitness, LLC, 2013 WL 1683598 (M.D. Fla. 2013). While the defendants' response to the amended complaint in this case was untimely by one day, the plaintiff has not shown that the delay of one day warrants the entry of a Clerk's default. As indicated, counsel for the defendants attempted to meet the filing deadline, but was unexpectedly prohibited from doing so. Accordingly, the plaintiff's second request for the entry of a Clerk's default is appropriately denied.

It is, therefore, upon consideration,

ORDERED:

That the Plaintiff's Second Motion for Entry of a Clerk's Default Against Defendants (Doc. 19) be, and the same is hereby, **DENIED**.

DONE and ORDERED at Tampa, Florida, this 27th day of September, 2013.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE